## UNITED STATES DISTRICT COURT-DISTRICT OF NEW JERSEY

### CIVIL ACTION COMPLIANT

EMOLO & COLLINI ESQS.
375 Broadway
Paterson, NJ 07501
Attorneys for Plaintiff
Our file no. 9694-04JEC
(973)-742-6463

JACKELIN KRIKORAN, ind. & d/b/a
JACKIE'S WORLD WIDE EXPRESS

           Plaintiff

                            CASE NO. CV-912-04

vs.

                            AMENDED COMPLAINT

AIB INC., AIB EXPRESS, ELAN B.
MANHAM, ind. ROBERT DAVID,
ind., PMA CAPITOL CORPORATION
& INS. HOLDING CORP., MAXUM
INDEMNITY CO., f/n/a/ CALIBER
ONE INDEMNITY CO., JEWELERS
SPECIALTY INSURANCE SERVICES,
& SOLOMON MESKIN, ASSOCIATED
INTERNATIONAL BROKERS INC., GIL
N. BECKENSTEIN, PETER L. EYL,
PELNEM INTERNATIONAL INC.,

           Defendants

      The plaintiff, JACKELIN KRIKORIAN, ind., & d/b/a., JACKIES WORLD WIDE EXPRESS, with its principal place of business located at 650 S. Hill St., in the City of Los Angeles, County of Los Angeles and State of California, complaining of the above referenced

defendants says:

## FIRST COUNT

1. At all times mentioned herein the defendant, **AIB INC.**, is a New York Corporation licensed to do business in the State of New York with its principal place of business located at 2 W. 46th St., New York, New York. The defendant's principal business is an insurance agency which arranged for the insurance on all shipments made by the plaintiff during the relevant time periods referenced in the complaint.

2. At all times mentioned herein the defendant, **AIB EXPRESS**, is an ongoing business with its principal place of business located at 2 W. 46th St., New York, New York. The defendant's principal business is the arrangement for the shipment, both domestically and internationally, of all kinds of packages.

3. At all times mentioned herein the defendant, **ELAN B. MANHAM**, is the president of both **AIB INC, & AIB EXPRESS.**

4. At all times mentioned herein the defendant, **CAPACITY MARINE MANAGERS** is a New Jersey Corporation authorized to do business in the State of New Jersey.

5. At all times mentioned herein the defendant, **MAXUM INDEMNITY CO.**, is a Delaware Corporation authorized to do business in the State of New Jersey.

6. At all times mentioned herein the defendant **PMA CAPITOL CORPORATION & INSURANCE HOLDING CORPORATION**, is a Delaware Corporation duly authorized to do business in the State of New Jersey.

7. At all times mentioned herein the defendant, **ASSOCIATED INTERNATIONAL BROKERS INC.**, is a corporation authorized to do business in the State of New Jersey.

8. At all times mentioned herein the defendants, **GIL N BECKENSTEIN, & PETER L. EYL**, are

agents, servants, employees and/or sub-licensees of the defendant, **AIB INC.**

9. At all times mentioned herein the defendant, **PELNEM INTERNATIONAL INC.**, is a sub-licensee of the defendant, **AIB INC.**

10. At all times mentioned herein the defendant, **ROBERT DAVID**, is the agent, servant and or employee of the defendants, **ELAN B. MANHAM, AIB INC., & AIB EXPRESS.**

11. At all times mentioned herein the defendant, **ROBERT DAVID**, solicited and introduced the plaintiff to the defendant, **ELAN B. MANHAM**, for the purposes of inducing her into entering into a business relationship.

12. At all times mentioned herein the defendant, **CALIBER ONE INDEMNITY CO.**, is a New Jersey Corporation licensed to do business in the State of New Jersey with its principal place of business located at 120 Pleasant Avenue, Upper Saddle River, NJ. The defendant's principal business is issuing and writing insurance for various kinds of casualties.

13. At all times mentioned herein the plaintiff, **JACKIE'S WORLD WIDE EXPRESS**, is a business licensed to do business in the State of California. The plaintiff's principal business is shipping valuable merchandise domestically and internationally.

14. On or about December 21, 2001, the plaintiff was contacted by the consignor, **GOLDFINGER'S JEWELRY/ANTHONY THOMAS DESIGNS** to ship various jewelry to its customer, **CASA DE ORO**, located at 36 Centre Building, Montego Bay, Jamaica. The jewelry in question was valued at $48,400.00. The plaintiff accepted the assignment on said date and picked up the package at Goldfinger's place of business. The terms of the consignment allowed shipment within a period from 30-60 days and a tracking number was assigned to the package, (i.e. 496743691147).

15. Upon receiving the consignment the plaintiff, as was customary on his shipments, sought the services of the defendant, **ELAN B. MANHAM**, the president of **AIB INC. & AIB EXPRESS**

to arrange for insurance and shipment for same. The defendant, **ELAN B. MANHAM**, advised the plaintiff that the shipments was insured at the customary rate of 00.15 cents on the dollar. The plaintiff was advised by the defendant, **MANHAM**, that the shipment was in fact insured with its insurance company, **CALIBER ONE INDEMNITY CO.**

16. Thereafter, the plaintiff believing that the shipment in question was in fact insured authorized shipment of same. The shipment was sent via air shipment using Federal Express as a courier. The shipment in question was insured for the fee of $75.00 which was the customary rate for shipments valued at approximately $50,000.00. The plaintiff did in fact pay the insurance premium of $75.00, thus believing that the package in question was in fact insured for its full value.

17. Thereafter, the goods in question arrived in Montego Bay, Jamaica on December 24, 2001. The shipment appeared in the customs log Fed Express bill # 496743691147. The goods were then deposited in the AJAS, (i.e. authorized airport handling agents), warehouse in the high value cargo section.

18. On December 27, 2001 the recital for the bill of lading was signed for the Imports manager, Dilep Lalwani so that the proper duty could be paid on the jewelry. Thereafter, on January 8, 2002 Mr. Dilep Lalwani went to the AJAS warehouse attempting to clear the package having paid the duty on same. Unfortunately at this time *AJAS was unable to locate the package notwithstanding the fact that the package had been logged in the high value logbook.*

19. Thereafter, on January 23, 2002 the loss of the package was reported to the Customs Officers and to the Director of Operations at the airport. Thereafter, the plaintiff made repeated demands to have the package delivered to Casa De Oro, however, was advised by AJAS that the goods could not be located.

20. Thereafter, on August 1, 2002, a Jamaican customs officer indicated that they were not able to

locate the package.

21. Thereafter, on or about July 22, 2003, Goldfinger Jewelry, placed the plaintiff on notice that it would be seeking compensation for the value of its lost jewelry from the plaintiff as a result of its failure to deliver same to Casa De Oro.

22. Thereafter, the plaintiff sent notice to the defendants, **AIB INC. & AIB EXPRESS**, demanding that they advise the insurance company, defendant, **CALIBER ONE INDEMNITY CO.**, to pay them the value of its shipment so that they could reimburse the owner for same in light of the fact that Goldfinger jewelry was now demanding payment.

23. Thereafter, on September 8, 2003, the defendant, **AIB EXPRESS INC.**, notified the plaintiff that the insurance policy that it was supposed to procure for the plaintiff '*was not extended to cover international shipments and that the claim against the insurance policy was time barred.*'

24. As a proximate result of the defendants **AIB INC., AIB EXPRESS, ELAN B. MANHAM** ind., & by its agent, servant and or employee, **ROBERT DAVID, CAPACITY MARINE MANAGERS, ASSOCIATED INTERNATIONAL BROKERS INC., GIL N. BECKENSTEIN, PETER L. EYL, & PELNEM INTERNATIONAL INC.'S** breach of its shipping agreement with the plaintiff, the plaintiff has suffered damages.

WHEREFORE, the plaintiff demands judgment against the defendants, for damages, interest, attorney's fees and costs of suit.

## SECOND COUNT

1. The plaintiff repeats and reiterates count one as if set forth herein in its entirety.

2. The defendant, **AIB INC., & AIB EXPRESS** by its principal owner and president, **ELAN B. MANHAM**, & agent, **ROBERT DAVID**, and /or its agent or its sub-licensees, **CAPACITY MARINE MANAGERS, ASSOCIATED INTERNATIONAL BROKERS INC., GIL N.**

BECKENSTEIN, PETER L. EYL, PELNEM INTERNATIONAL CORPORATION, owed a duty to the plaintiffs to disclose the fact that the insurance policy that it procured to insure the shipment in question did not cover international shipments, therefore, in essence the shipment was uninsured at the time that it was shipped.

3. The defendants aforesaid, knowingly, wilfully, intentionally, and fraudulently withheld from the plaintiff the fact that the insurance policy that was procured did not in fact cover the destination of the plaintiff's package which was Jamaica, West Indies.

4. As a result of the fraud and deception on the part of the defendants the plaintiffs have sustained legal injury and pecuniary damages.

WHEREFORE, the plaintiff demands judgment on this count for damages, interest, attorney's fees and costs of suit.

## THIRD COUNT

1. The plaintiff repeats and reiterates counts one to two as if set forth herein in its entirety.

2. The aforesaid defendants, AIB INC, AIB EXPRESS, ELAN B. MANHAM, ROBERT DAVID, CAPACITY MARINE MANAGERS, ASSOCIATED INTERNATIONAL BROKERS INC., GIL N. BECKENSTEIN, PETER L. EYL, & PELNEM INTERNATIONAL, by its agents, servants and or employees were guilty of fraud and deception in inducing the plaintiff to enter into an agreement to purchase insurance for the shipment in question and/or to enter into a business relationship with the said defendants.

3. As a result of said fraud and deception the plaintiffs sustained legal injury and pecuniary damages.

WHEREFORE, the plaintiff demands judgment on this count for damages, interest, attorney's fees and costs of suit against the defendants.

## FOURTH COUNT

1. The plaintiff repeats and reiterates counts one to three as if set forth herein in its entirety.

2. The defendant, AIB INC, AIB EXPRESS, ELAN B. MANHAM, ROBERT DAVID, CAPACITY MARINE MANAGERS, ASSOCIATED BROKERS INC., GIL N. BECKENSTEIN, PETER L. EYL, & PELNEM INTERNATIONAL, by its agents, servants and or employees' acts and or omissions constituted a violation of the Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.

3. As a result, the plaintiffs have sustained legal injury and pecuniary damages.

WHEREFORE, the plaintiffs demand judgment on this count for damages, interest, attorney's fees and costs of suit, all contemplated by N.J.S.A. 56:8-1 et seq.

## FIFTH COUNT

1. The plaintiffs repeat and reiterate counts one to four as if set forth herein in its entirety.

2. The defendants, AIB INC., AIB EXPRESS, ELAN B. MANHAM, ROBERT DAVID, CAPACITY MARINE MANAGERS, ASSOCIATED INTERNATIONAL BROKERS INC., GIL N. BECKENSTEIN, PETER L. EYL, & PELNEM INTERNATIONAL CORPORATION, by its agents, servants and or employees, for the purposes of executing and/or attempting to execute schemes and/or artifices to defraud the plaintiffs on at least (2) occasions, made or caused others to make mailings in violation of 18 U.S.C., sec. 1341 (mail fraud) and made or caused others to make use of telephone facilities in further violation of Title 18, ( wire fraud).

3. Said fraudulent practices and violations of 18 U.S.C. sec. 1341 constitute a "pattern of racketeering activity" within the meaning of N.J.S.A. 2C:41-1(2) & 2©), 41-1 (d)(2).

4. The defendants aforesaid at all times have conducted or participated directly or indirectly in the

conduct of such enterprises' affairs through a pattern of racketeering activity and have violated 2 C:41-2 ©).

5. The defendants as aforesaid at all relevant times have been persons that have received income derived directly or indirectly from a pattern of racketeering activity and have used or invested directly or indirectly, a part of such income or the proceeds of such income in the respective operations themselves, as "enterprises" that are engaged in or whose activities affect trade or commerce, and have thus violated N.J.S.A. 2C:41-2(a).

6. The plaintiff is a person that has been injured in his business or property by reason of the defendants' violations of N.J.S.A. 2C:41-2(a), (b), ©), (d), and is thus entitled under N.J.S.A. 2C:41-4c to recover from the defendants, three fold damages sustained and the costs of suit, including attorney's fees including the costs of investigation and litigation.

WHEREFORE, the plaintiffs demand judgment for three fold damages, interest, attorney's fees and costs of suit.

## SIXTH COUNT

1. The plaintiffs repeat and reiterate counts one to five as if set forth herein in its entirety.

2. On or about December 21, 2001 the defendants, **AIB INC., & CAPACITY MARINE MANAGERS** by its agent, servant, employee, **ELAN MANHAM,** were the insurance agents for the defendant, **PMA CAPITAL CORPORATION & INSURANCE HOLDING CO.,** parent company of defendant, **MAXUM INDEMNITY CO., formerly known as defendant, CALIBER ONE INDEMNITY CO.**

3. On or about December 21, 2001 the defendant, **PMA CAPITOL CORPORATION & INSURANCE HOLDING CO.**, by its subsidiary, **MAXUM INDEMNITY CO.**, formerly known as, **CALIBER ONE INDEMNITY CO.**, insured the plaintiff for theft regarding a shipment

bearing package number 496743691147. The plaintiff was of the belief that the package was insured for the value of its contents, (i.e. $50,000.00).

4. Upon notification of the lose of the package in question, the plaintiffs advised the defendant, **CALIBER ONE INDEMNITY CO.**, through its agents, **AIB INC.& CAPACITY MARINE MANAGERS**, that the package could not be found and demanded that the defendants provide payment for the loss. Thereafter, the defendant **CALIBER ONE INDEMNITY**, refused to pay the plaintiffs for said loss.

5. As a proximate result of the defendants' breach of its insurance agreement with the plaintiffs, the plaintiffs have suffered damages.

WHEREFORE, the plaintiffs demand judgment against the defendants, its agents, servants and or employees for damages, interest, attorney's fees and costs of suit.

## SEVENTH COUNT

1. The plaintiffs repeat and reiterate counts one to six as if set forth herein in its entirety.

2. At all times mentioned herein the defendant, **JEWELERS SPECIALTY INSURANCE SERVICES,** is a California Corporation authorized to do business in the State of New Jersey.

3. At all times mentioned herein the defendant, **SOLOMON MESKIN**, is the owner and or president of the corporation known as **JEWELERS SPECIALTY SERVICES**.

4. At all times mentioned herein the defendant, **ROBERT DAVID**, is an agent, servant and or employee of the defendant, **JEWELERS SPECIALTY INSURANCE SERVICES**.

5. During a period from August 2001 to May of 2003 the defendant, **JEWELERS SPECIALTY SERVICES,** by its agent, servants and or employees, **SOLOMON MESKIN** and **ROBERT DAVID** entered into an insurance agreement with the plaintiff in which it would insure its packages that it shipped domestically or internationally.

6. During a period from August 2001 to May of 2003 the defendant, **JEWELERS SPECIALTY SERVICES**, by its agents, servants and employees, **SOLOMON MESKIN & ROBERT DAVID**, charged the plaintiff the sum of approximately $64,000.00 for insurance premiums for its overseas and domestic shipments.

7. The plaintiff dutifully paid its premiums to the defendant to insure the shipments as aforesaid.

8. Thereafter, it became apparent that the defendant, **JEWELERS SPECIALTY SERVICES**, by its agents servants and or employees, **SOLOMON MESKIN & ROBERT DAVID**, were charging the plaintiff for insurance that it had never procured and collecting the premiums as if the merchandise was in fact insured.

9. As a result of the defendant, **JEWELERS SPECIALTY SERVICES**, by its agents, servants and or employees, **SOLOMON MESKIN & ROBERT DAVID'S** breach of its agreement to insure its shipments it has suffered damages.

## EIGHTH COUNT

1. The plaintiff repeats and reiterates counts one to seven as if set forth herein in its entirety.

2. The defendant, **JEWELERS SPECIALTY SERVICES**, by its agents, servants and or employees, **SOLOMON MESKIN & ROBERT DAVID**, owed a duty to the plaintiff to insure that its shipments were in fact insured during the time that they were in transit and to collect premiums for only those shipments that it in fact insured.

3. The defendant, **JEWELERS SPECIALTY SERVICES**, by its agents, servants and or employees, **SOLOMON MESKIN & ROBERT DAVID**, knowingly, wilfully, intentionally, and fraudulently collected premium dollars from the plaintiff when in fact if failed to procure insurance all the while unjustly enriching themselves.

4. As a result of the fraud and deception on the part of the defendant, its agents, servants and or

employees the plaintiffs have sustained legal injury and pecuniary damages.

WHEREFORE, the plaintiff demands judgment on this count for damages, interest, and costs of suit.

## NINTH COUNT

1. The plaintiffs repeat and reiterate counts one to eight as if set forth herein in its entirety.

2. The defendant, **JEWELERS SPECIALTY SERVICES**, by its agents, servants and or employees, **SOLOMON MESKIN, & ROBERT DAVID**, acts and or omissions constituted a violation of the Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.

3. As a result, the plaintiffs have sustained legal injury and pecuniary damages.

WHEREFORE, the plaintiffs demand judgment on this count for damages, interest, attorney's fees and costs of suit, all contemplated by N. J.S.A. 56:8-1 et seq.

## TENTH COUNT

1. The plaintiffs repeat and reiterate counts one to nine as if set forth herein in its entirety.

2. The defendant, **JEWELRY SPECIALTY SERVICES**, by its agents, servants and or employees, **SOLOMON MESKIN & ROBERT DAVID**, for purposes of executing and/or attempting to execute schemes and/or artifices to defraud the plaintiffs on at least (2) occasions, made or caused others to make mailings in violation of 18 U.S.C., sec. 1341 ( mail fraud) and made or caused others to make use of telephone facilities in further violation of Title 18, ( wire fraud).

3. Said fraudulent practices and violations of 18 U.S.C. sec. 1341 constitute a "pattern of racketeering activity" within the meaning of N.J.S.A. 2C:41-1(2) & 2©), 41-1 (d)(2).

4. The defendants aforesaid at all times conducted or participated directly or indirectly in the conduct of such enterprises' affairs through a pattern of racketeering activity and have violated 2C:41-2©).

5. The defendants aforesaid at all relevant times have been persons that have received income

derived directly or indirectly from a pattern of racketeering activity and have used or invested directly or indirectly from a pattern of racketeering activity and have used or invested directly or indirectly, a part of such income or the proceeds of such income in the respective operations themselves, as "enterprises" that are engaged in or whose activities affect trade or commerce, and have thus violated N.J.S.A. 2C:41-2(a).

6. The plaintiff is a person and or entity that has been injured in her business by reason of the defendant's violations of N.J.S.A. 2C:41-2(a), (b), ©), (d), and is thus entitled under N.J.S.A. 2C:41-4©) to recover from the defendants, three fold damages sustained and the costs of suit, including attorney's fees including the costs of investigation and litigation.

Emolo & Collini Esqs.

By: /s/Joseph E. Collini

Dated: 3/12/04

## JURY DEMAND

**The plaintiff demands a jury of six on all issues raised herein.**

## VERIFICATION

RECEIVED-CLERK
U.S. DISTRICT COURT
2004 MAR 12 A 10: 50

Norman B. Adams, being duly sworn, deposes and says: I am an authorized agent of the plaintiff, Jackelin Krikorian d/b/a Jackie's Worldwide Express, and that he has read the foregoing complaint and knows the contents thereof and that the same are true of his own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters he believes them to be true.

Norman B. Adams

Notary Public

ANDREW GIUSEPPE VASSALLE
NOTARY PUBLIC, State of New York
No. 4942559
Qualified in Nassau County
Commission Expires September 26, 19/ 2006